G. FILE nº



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. 0-4298-A
Re: Right of independent school
district to maintain suit to
recover money paid out under
the provisions of a void
contract.

We have received your request for our opinion. We quot
from your request:

"With reference to my letter of December 23rd,
and your Opinion No. 0-4298, will you please advise
me whether or not the sum of $350.00 paid for the
collection of delinquent taxes in addition to 15%,
may be recovered by the School District, by a suit
brought for that purpose.

"Since the contract is void, 129 S. W. (2d) 629,
it is my opinion the School District can recover the
amount so paid over 15%."

Since you have made reference to your letter of Decemb
23, 1941, to us for additional facts we desire to quote from sai
letter as follows:

"The Lavernia Independent School District of Wil-
son County was incorporated for school purposes many
years ago; all during the time that such district was
incorporated for school purposes, the County Tax Col-
lector and Assessor, assessed and collected the taxes
for such independent district. At no time did the
District undertake to assess and collect its taxes.

"For the past several years, Wilson County has
had a contract with W. E. Seale, to collect the de-
linquent taxes for Wilson County; the County Attorney

having duly waived notice and filed his refusal to prosecute delinquent tax suits, and such contract having been duly approved by the Comptroller and Attorney General.

"That while and during the time that such contract between W. E. Seale and Wilson County, was in full force and effect, the Lavernia Independent School District entered into the contract with Murphy Harper & Company. The County Delinquent tax collector was handling the collection of taxes in such school district, and filing suits wherever necessary, by virtue of his contract with the County.

"The County Attorney of Wilson County, did not have any knowledge of the proposed contract between the Lavernia School District and the Murphy Harper & Company, and did not receive any notice to file delinquent tax suits for such district, nor did he execute any waiver, other than with reference to the Seale Contract with the County.

"The contract provides for compensation under paragraph VIII: 'First Party agrees to pay to Second Party as compensation for the services hereunder required $350.00 Dollars, payable out of the first collections of delinquent taxes, penalties and interest collected; to partially cover the costs of checking the delinquent tax rolls, stationery, stamps, and other preliminary costs to be incurred in the performance of this contract; and an additional amount equal to fifteen per cent (15%) of the amount collected of all delinquent taxes, penalties, and interest for the years covered thereby, actually collected and paid to the collector of taxes during the term of this contract.
* * *'"

Under the facts presented in your letter of December 23, 1941, we held in Opinion No. O-4298, addressed to you, that the contract between Murphy Harper & Company and the Lavernia Independent School District was void.

The powers of independent school district trustees are given in 37 Tex. Jur. p. 939, where it is said:

Honorable D. Richard Voges, Page 3

"As is the rule generally * * * the trustees
of independent school districts possess only the
powers expressly conferred by law or necessarily
implied from powers conferred. * * * "

In the case of Temple Independent School District vs.
Proctor (Civ. App.) 97 S. W. (2d) 1047, it was held that Article
2780, R. C. S., 1925, is applicable to all types of independent
districts whether in incorporated cities or not. We think that
said Article 2780 authorizes the trustees of the Lavernia Inde-
pendent School District to institute suit for the recovery of
money paid out by it under the provisions of a void contract.
Your question is therefore answered in the affirmative.

Yours very truly

APPROVED APR 24, 1942

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:ej